**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LARRY MOORE,

      Plaintiff,      Case Number: 07-13194

v.              Honorable Lawrence P. Zatkoff

TONIA GRANT, et al,

      Respondents.
                   /

**OPINION AND ORDER**

**I. INTRODUCTION**

Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 on August 1, 2007. Plaintiff also filed an "Application to Proceed Without Prepayment of Fees and Costs pursuant to 28 U.S.C. § 1915(a)(1)," which this Court originally granted. Now before the Court is a Report and Recommendation prepared by Magistrate Judge Michael Hluchaniuk (Docket #26), wherein the Magistrate Judge recommends that (1) Plaintiff's complaint be dismissed with prejudice pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim, and (2) the prior decision of the Court granting Plaintiff's *in forma pauperis* status under §1915(a) be revoked and this matter be dismissed pursuant to the "three strikes" rule set forth in 28 U.S.C. § 1915(g). The Court notes that Plaintiff filed timely objections to the Report and Recommendation. For the reasons stated below, the Court dismisses Plaintiff's complaint with prejudice.

## II. BACKGROUND

Plaintiff is a Michigan state prisoner. Upon reviewing the pleadings and the Eastern District of Michigan ECF system, the Court finds that Plaintiff has filed more than three prior prisoner civil rights complaints which have been dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted. *See, e.g.*, *Moore v. DeBruyn, et. al.*, No. 01-CV-60108 (E.D.Mich. May 25, 2001) (Battani, J.); *Moore v. Curtis, et. al.,* No. 00-CV-71558 (E.D.Mich. April 10, 2000) (Tarnow, J.); *Moore v. Chavez, et. al.,* No. 00-CV-71116 (E.D.Mich. March 27, 2000) (Tarnow, J); *Moore v. Sergent, et. al.,* No. 99-76082 (E.D.Mich. December 28, 1999) (Tarnow, J.); *Moore v. Michigan Department of Corrections, et. al.,* No. 99-75342 (E.D.Mich. November 10, 1999) (Tarnow, J.).

In this case, Plaintiff claims that his constitutional right to access the courts has been violated by Defendants. Plaintiff alleges that Defendants failed or conspired to fail to deliver legal mail from either the clerk of the Lenawee County Circuit Court or attorney Dale L. Smith, which mail apparently consisted of service of legal process notifying Plaintiff that his wife had filed for divorce. According to Plaintiff, he only learned of the divorce proceedings when he received a copy of the Final Divorce Judgment.

## III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), the Court may dismiss a case if, on three or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this subsection if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## IV. ANALYSIS

Of the (at least) twelve previously filed civil rights complaints filed by Plaintiff, more than three prisoner prior civil rights complaints have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* Section II, *supra*. Therefore, the Court is authorized to dismiss this pending complaint pursuant to 28 U.S.C. § 1915(g).

Despite having had more than three civil actions dismissed as frivolous or for failing to state a claim upon which relief can be granted, however, Plaintiff could still maintain a civil action if he is "under imminent danger of serious physical injury." *28 U.S.C. § 1915(g)*. To establish that his complaint falls within the statutory exception to the "three strikes rule," Plaintiff had to allege that he was under imminent danger at the time that he filed his complaint and requested to proceed *in forma pauperis*. See *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir.1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D.Wis.1999) (allegation of past physical injury is insufficient to meet statutory exception).

In the pending case, Plaintiff fails to allege that he is under imminent danger of future harm.

3

Rather, Plaintiff simply complains that he would have retained half of his property in the divorce proceeding if he had been able to participate in it. Therefore, Plaintiff's complaint is subject to, and the Court hereby concludes that the appropriate disposition of this case is, dismissal under the "three strikes" provision of 28 U.S.C. § 1915(g).[1]

### IV. Conclusion

Accordingly, it is hereby ORDERED that the Court's prior decision granting Plaintiff's "Application to Proceed Without Prepayment of Fees and Costs" is REVOKED. IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE. Judgment shall be entered accordingly.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: May 9, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 9, 2008.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290

---

[1] The Court also adopts the Magistrate Judge's Order Denying Plaintiff's Motion Requesting Production of Documents as Moot (Docket #28). As Plaintiff's case has been dismissed, any pending motions are rendered moot.